IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| COURTNEY MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-2836-JDT-cgc |
| | ) | |
| JERRY LESTER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING ENTRY OF JUDGMENT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*
AND
NOTICE OF APPELLATE FILING FEE

On October 24, 2013, Plaintiff Courtney Means, Tennessee Department of Correction prisoner number 375663, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) In an order issued on October 25, 2013, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (D.E. 3.) Plaintiff filed a motion to amend his complaint on November 26, 2013. (D.E. 4.)

On January 15, 2014, the Court granted leave to amend and dismissed the complaint for failure to state a claim. (D.E. 6.) However, Plaintiff was also granted leave to file a second amended complaint within thirty days. (Id. at 26-27.) The order warned that "[i]f Plaintiff fails to file a second amended complaint within the time specified, the Court will assess a strike pursuant

to 28 U.S.C. § 1915(g) and enter judgment." (Id. at 27.)  Plaintiff has not filed a second amended complaint, and the time within which to do so has expired.  Therefore, judgment will be entered in accordance with the January 15, 2014, order of dismissal.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith.  The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee[1] if Plaintiff nevertheless appeals the dismissal of this case.  A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b).  See McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).  McGore sets out specific procedures for implementing the

---

[1] Effective December 1, 2013, the appellate filing fee increased to $500.  The district court also charges a $5 fee for filing the notice of appeal, pursuant to 28 U.S.C. § 1917.

Prison Litigation Reform Act, 28 U.S.C. § 1915(a)-(b).  Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the  second dismissal of one of his cases as frivolous or for failure to state a claim.  This "strike" shall take effect when judgment is entered.  Coleman v. Tollefson, 733 F.3d 175, 177-78 (6th Cir. 2013).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE